UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FERNANDO MORALES, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:13-CV-1092 |
| v. | § | |
| | § | |
| SQUARE, INC. | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Fernando Morales files this Complaint against Defendant Square, Inc. ("Square") for infringement of U.S. Patent No. 5,872,589 ("the '589 patent") pursuant to 35 U.S.C. §1 *et seq*. and 28 U.S.C. §§2201-2202 and alleges as follows.

## THE PARTIES

1.      Plaintiff, Mr. Morales, is an individual with a principal address at 56 Pizarro Avenue, Rancho Viejo, Texas, 78575.

2.      Mr. Morales is the inventor and sole owner of United States Patent No. 5,872,589, titled "Interactive TV System For Mass Media Distribution."

3.      Mr. Morales is informed and believes, and thereon alleges that Square is a Delaware corporation with its principal place of business at 1455 Market Street, Suite 600, San Francisco, California 94103.

4.      Mr. Morales is informed and believes, and thereon alleges that Square develops, manufactures and provides software and hardware products and services that, *inter alia*, allow users in the United States, including in Texas and in this judicial district, to accept credit and debit card payments through their devices that are compatible with Square's products and services.

725308v.2

## JURISDICTION AND VENUE

5.      This is an action for patent infringement under the Patent Laws of the United States, Title 35, §1, *et seq*. of the United States Code and for a declaratory judgment of ownership of the '589 Patent by Mr. Morales under 28 U.S.C. §§2201-2202.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§1391(b), (c) and (d), and 1400(b).

6.      This Court has personal jurisdiction over Square under the laws of the State of Texas, including the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code §17.042.

7.      Mr. Morales incorporates all statements of jurisdiction in the preceding paragraphs 1-6.

8.      The causes of action against Square in this Complaint arise from or are connected with purposeful acts committed by Defendants in Texas.

9.      Square has regularly, continuously, deliberately and systematically conducted and continues to conduct business within the State of Texas, directly or through intermediaries or agents, including business that result in the making, using, selling, offering for sale, or importing of infringing products or processes in the State of Texas and in this judicial district.

10.      In addition to Sqaure continuously and systematically conducting business in Texas and this judicial district, the causes of action against Square arose from or are connected with Square's purposeful acts committed in Texas and this judicial district, including making, using, selling, offering for sell, and/or importing software, equipment, and/or services that embody claims of the '589 Patent, including but not limited to the Square Reader and Square Register.

11.     Square offers its products, including specifically the Square Reader, at retail locations across Texas and in this judicial district, including at Best Buy, Target, Radio Shack, Walgreens, Walmart, OfficeMax, FedEx, Apple, Staples, Sprint, Verizon, and AT&T.  Square further offers its Square Register application for download to Texas residents, including residents of the this judicial district.

12.     Square engages in business in Texas and in this judicial district and has designated as resident agent for service of process Kathleen Fritz of National Registered Agents, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

## THE PATENT-IN-SUIT

13.     On February 16, 1999, the United States Patent and Trademark ("USPTO") duly and legally issued United States Patent No. 5,872,589, titled "Interactive TV System For Mass Media Distribution," after a full and fair examination.

14.     A true and correct copy of the '589 Patent is attached hereto as Exhibit A.

15.     Mr. Morales is the inventor and owner of all right, title and interest in and to the '589 Patent and possesses the exclusive right of recovery under the '589 Patent, including the exclusive right to recover for infringement of the '589 Patent.

16.     The '589 Patent is valid and enforceable.  The validity of the '589 Patent is statutorily presumed pursuant to 35 U.S.C. §282, and the validity of each claim of the '589 Patent is statutorily presumed pursuant to 35 U.S.C. §282.

17.     The '589 Patent claims, *inter alia*, data systems and methods for data communication.

18.     The '589 Patent describes, *inter alia*, generating a unique signal by receiving an audible signal from an electronic device.

19.    The '589 Patent further describes, *inter alia*, combining the received audible signal with a unique identifier of a response unit.

20.    The '589 Patent further describes, *inter alia*, communicating the unique signal from the response unit to a local area repeater station.

21.    The '589 Patent further describes, *inter alia*, verifying the unique signal at the local area repeater station.

22.    The '589 Patent further describes, *inter alia*, communicating the generated signal from the repeater station to a data center for processing.

## FIRST CLAIM FOR RELIEF:

## INFRINGEMENT OF THE PATENT-IN-SUIT

23.    Mr. Morales repeats and realleges the allegations set forth in Paragraphs 1-22 as if those allegations have been fully set forth herein.

24.    Mr. Morales is informed and believes, and thereon alleges that Square makes, uses, sells, offers for sale and imports the "Square Reader," the Square Register application, and services allowing for credit card transactions to be made via compatible devices.

25.    Such compatible devices include Apple devices running iOS 5.0 and up, including the iPhone 5S, the iPhone 5C, iPhone 5, the iPhone 4S, the iPhone 4S, the iPhone 4, the iPhone 3GS, the iPad – 1st Generation, the iPad – 2nd Generation, and the iPad – 3rd Generation, the iPad Air, the iPad mini, and the iPod Touch; and further include Android devices running Android 2.3 and up, including the Samsung Galaxy S III, the Samsung Galaxy S4, the Samsung Galaxy Nexus, Samsung Galaxy Note II and Motorola Droid X, and the LG Nexus 4.

26.    The Square Reader inserts into the 3.5mm headphone minijack of compatible devices.

27.     When a credit card is swiped through the Square Reader, a signal including information from the credit card is sent from the Square Reader through the 3.5mm headphone minijack to the compatible device.

28.     The 3.5mm headphone minijack is not proprietary technology of any compatible device.

29.     Mr. Morales is informed and believes, and thereon alleges that Square does not license the right to connect the Square Reader to the 3.5mm headphone minijack of any compatible device.

30.     After a credit card is swiped through the Square Reader, the compatible devices send information to Square's servers including information that identifies the device and, accordingly, the person to whom the Square Reader is registered.

31.     After a credit card is swiped through the Square Reader, the compatible devices send information to Square's servers including information that identifies the device and, accordingly, the person to whom the Square Register app is registered.

32.     After a credit card is swiped through the Square Reader, the compatible devices send information to Square's servers including information that identifies the device and, accordingly, the bank account to which the credit card payment should be deposited.

33.     Mr. Morales is informed and believes, and thereon alleges that Square receives compensation from its customers in the form of a percentage of each purchase made using the Square Reader.

34.     Square, without authorization or license, has been and is now infringing one or more claims of the '589 Patent, in violation of 35 U.S.C. §271(a), directly and/or indirectly, by

way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents.

35.    Mr. Morales is informed and believes, and thereon alleges, that Square directly infringes one or more claims of the '589 Patent, literally or by the doctrine of equivalents, by making, using, selling, offering for sell, and/or importing software (including the Square Register), equipment (including the Square Reader) and/or services that embody and/or practice one or more claims of the '589 Patent.

36.    Mr. Morales is informed and believes, and thereon alleges, that users of Square's software, equipment and services are also direct infringers of the '589 Patent.

37.    Mr. Morales is informed and believes, and thereon alleges, that Square induced and continues to induce the infringement of at least one claim of the '589 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §271(b), by, among other things, actively, knowingly, and/or recklessly aiding and abetting others (including Square's customers) through activities such as marketing with the specific intent to induce others to directly use without license or authority, systems and methods that fall within the scope of at least one claim of the '589 Patent.  Mr. Morales is informed and believes, and thereon alleges, that Square charges its customers a fee, based on the transaction amount, for using Square's Square Reader, Square Register, and related services.

38.    Mr. Morales is informed and believes, and thereon alleges, that Square contributed to and continues to contribute to the infringement of at least one claim of the '589 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §271(c), by, among other things, providing its Square Reader, Square Register, and related services that embody a material part of the claimed inventions of the '589 Patent, knowing that such products

and services are especially made or especially adapted for use in an infringement of these claims, and that they are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Square also contributes to its customers' infringement of the '589 Patent.

39.     Square contributes to and induces its customers to infringe the '589 Patent when it encourages them to infringe by providing the Square Reader, Square Register, and related services, to communicate information, such as credit card and payee payment information, in accordance with the methods claimed by the '589 Patent, including through the audio jack of compatible devices.

40.     For example, on its homepage, Square displays a Square Reader inserted into the audio port of an iPhone with the caption "Start accepting credit cards today.  Sign up and we'll mail you a free Square Reader." https://squareup.com/ (last visited Dec. 2, 2013).

41.     Square's website further encourages its customers to "Simply plug [the Square Reader] into your devices' standard 3.5mm headphone minijack and start swiping credit cards." *See* https://squareup.com/reader (last visited Dec. 2, 2013).

42.     Square's website further encourages its customers to "Download the free Square Register app and link your bank account. No setup fees or long-term contracts. You'll be accepting payments on your smartphone or iPad in minutes." https://squareup.com/register (last visited Dec. 2, 2013).

43.     Square's website further explains that "[f]unds from payments are deposited directly into your bank account within 1-2 business days."  https://squareup.com/register (last visited Dec. 2, 2013).

44.     Square's website further explains that "all information entered by our customers has been encrypted and submitted to our servers securely. … Square performs data encryption

within the card reader at the moment of swipe.  Sensitive data is encrypted using industry-standard methods when stored on disk or transmitted over public networks." https://squareup.com/help/en-us/article/3797-secure-data-encryption (last visited Dec. 2, 2013).

45.     Mr. Morales is informed and believes, and thereon alleges, that Square's past and continuing infringement has been deliberate and willful because Square knew or should have known of the risk of infringement.

46.     Square has admitted knowledge of Mr. Morales' allegations of infringement of the '589 patent at least as early as February 8, 2013, when Mr. Morales arrived in person at Square's headquarters asking to meet with Square's General Counsel.  At the time of Mr. Morales' visit to Square's office, Mr. Morales provided a copy of the '589 Patent, a reference and copy of Claim 6 of the '589 Patent, and a picture of the Square Reader.  Also on February 8, Mr. Morales emailed Square stating, *inter alia*, his belief that Square infringes Claim 6 of the '589 Patent.

47.     Furthermore, on February 19, 2013, a representative of Square, Sharda Caro, emailed Mr. Morales stating, *inter alia*, that Mr. Morales' "letter and email suggest that Square may be infringing claim 6 of United States Patent No. 5,872,589," and requesting more information to enable Square "to investigate this issue further."

48.     Furthermore, Mr. Morales and Square's representative engaged in email correspondence with various Square representatives, including Mr. Sharda Caro and Mr. Steven Carlson.

49.     Furthermore, on April 1, 2013, Square filed suit against Mr. Morales in the Northern District of California seeking, *inter alia*, a declaratory judgment of non-infringement, invalidity, and patent ownership.  *See* Exhibit B.  On November 27, 2013, the District Court for

the Northern District of California dismissed Square's complaint for lack of personal jurisdiction over Mr. Morales.  *See* Exhibit C.

50.     Despite its knowledge that Mr. Morales has alleged infringement by Square of at least Claim 6 of the '589 Patent, Square has continued to make, use, sell, offer for sale and/or import the Square Reader and Square Register application to its customers.

51.     Square has continued to infringe the '589 Patent despite an objectively high likelihood that its actions constituted infringement of a valid patent.

52.     All infringing activity since at least February 8, 2013, demonstrates a deliberate and conscious decision to infringe the '589 Patent or, at the very least, a reckless disregard of Mr. Morales' patent rights.  Additionally, Square did not make changes to its products or provide end users with instructions regarding how to avoid infringement, despite Square's actual knowledge of the '589 Patent.  By continuing to use infringing products and services following February 8, 2013, Square has willfully infringed, entitling Mr. Morales to up to treble damages as well as attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§284, 285.

53.     Mr. Morales has no adequate remedy at law against Square's acts of infringement and Square's infringement will continue unless enjoined by this Court.  Mr. Morales has suffered, and will continue to suffer, irreparable injury as a result of Defendants' infringement, until this Court enjoins Square.

## SECOND CLAIM FOR RELIEF:

## DECLARATION OF PATENT OWNERSHIP

54.     Mr. Morales repeats and realleges the allegations set forth in Paragraphs 1-53 as if those allegations have been fully set forth herein.

55.     Square's complaint in the Northern District of California did not seek a declaration that Mr. Morales is not the owner of the '589 Patent, but rather sought what amounted to an advisory declaration of "the identity of the current owner of the '589 patent, or that the '589 patent is no longer owned by any person or entity."

56.     Nonetheless, Square, by and through its then-Counsel-of-Record, in correspondence with counsel for Mr. Morales, has stated Square's belief that Mr. Morales is not the owner of the '589 Patent.  Accordingly, although the issue was not properly placed before the Northern District of California, there exists an actual controversy as to Mr. Morales' ownership of the '589 Patent.

57.     Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, Mr. Morales seeks a declaration that he is the sole owner of the '589 Patent, including the owner of the right to sue for past infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Square as follows:

A.     That Square be adjudged to have infringed the '589 Patent under 35 U.S.C. §271(a);

B.     That Square has induced the infringement by others of each of the '589 Patent under 35 U.S.C. §271(b);

C.     That Square has contributed to the infringement by others of the '589 Patent under 35 U.S.C. §271(c);

D.     That Square provide to Mr. Morales an accounting of all gains, profits, savings, and advantages derived by Square's direct or indirect infringement of the '589

Patent, and that Mr. Morales be awarded damages adequate to compensate for the wrongful infringement by Square, in accordance with 35 U.S.C. §284;

E.     That the damages awarded to Mr. Morales be increased up to three times, in view of Square's willful infringement, in accordance with 35 U.S.C. §284;

F.     That this case be declared an exceptional one in favor of Mr. Morales under 35 U.S.C. §285, and that Mr. Morales be awarded his reasonable attorneys' fees and all other costs and expenses incurred in connection with this civil action in accordance with 35 U.S.C. §285 and Rule 54(d) of the Federal Rules of Civil Procedure;

G.     That Square, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from infringing any of the asserted Patents;

H.     That Mr. Morales is the sole owner of the '589 Patent, including the owner of the right to sue for past infringement of the '589 Patent; and

I.     That Mr. Morales receive all other or further relief as this Court may deem just or proper.

## **DEMAND FOR JURY TRIAL**

Mr. Morales respectfully demands a trial by jury of any and all issues triable of right before a jury.

Dated: December 3, 2013

Respectfully Submitted,

*/s/ Daniel R. Scardino*
Daniel R. Scardino
Texas State Bar No. 24033165
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com

**ATTORNEY FOR PLAINTIFF
FERNANDO MORALES**